**Elbert Berry HUDSON, Plaintiff-Appellant,**

v.

**R. J. REYNOLDS TOBACCO COMPANY, Defendant-Appellee.**

No. 28175.

United States Court of Appeals, Fifth Circuit.

June 3, 1970.

Rehearing Denied and Rehearing En Banc Denied July 14, 1970.

H. Alva Brumfield, New Orleans, La., Brumfield & Brumfield, Sylvia Roberts, Baton Rouge, La., Melvin M. Belli, San Francisco, Cal., for plaintiff-appellant.

Chaffe, McCall, Phillips, Burke, Toler & Sarpy, Harry McCall, Jr., New Orleans, La., for defendant-appellee; David R. Hardy, Kansas City, Mo., of counsel.

Before JOHN R. BROWN, Chief Judge, and AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

This is a diversity action for damages brought against R. J. Reynolds Tobacco Co. in which it was alleged that the decedent, Hudson, contracted cancer of the larynx and lungs as a result of smoking Defendant's cigarettes.[1] Recognizing Lartigue v. R. J. Reynolds Tobacco Co., 5 Cir., 1963, 317 F.2d 19, cert. denied, 375 U.S. 865, 84 S.Ct. 137, 11 L.Ed.2d 92, as an *Erie* lion in the street, the Plaintiff's counsel to secure below and here a definitive ruling on controlling legal issues acquiesced in the ingenious procedural device of answers to interrogatories as a means of restricting the claims to very specific contentions which thereby excluded all others. Those claims negatived scientific foreseeability, peculiar defects in the cigarettes, and cancer consequences to a substantial segment of the public.[2]

---

1. By suggestion of death the Court was advised that Appellant Elbert Berry Hudson died on February 18, 1970 in Bogalusa, Louisiana. Thereafter upon motion and notice the Court ordered substitution of the parties, F.R.Civ.P. 25(a); F.R.A.P. 43(a), as follows:

   Ella Mae Nolan Windham, the first wife of Hudson. (His second wife predeceased him.)

   Elbert Berry Hudson, Jr., Hudson's son by his first marriage.

   Sue Hudson Gainey Truett, Hudson's daughter by his first marriage.

   Patricia A. Hudson Carroll, Hudson's daughter by his second marriage.

   Margaret Jacqueline Hudson Davis, Hudson's daughter by his second marriage.

   James B. Hudson, Hudson's son by his second marriage.

2. By formal answers the claims were precisely limited:

   "(a) He does not contend, and does not intend to offer proof to show, that defendant could or should have known, through any developed human skill or

After remand following an earlier appeal on limitations[3] Defendant again moved for summary judgment on the ground that an implied warranty under Louisiana law covers only knowable, foreseeable risks. On the basis of *Lartigue* and *Green v. American Tobacco Co.*, 5 Cir., 1969, 409 F.2d 1166 (en banc), the Trial Court granted Defendant's motion.

On appeal, Plaintiffs contend that the Trial Court erred in relying on *Lartigue* because it was erroneously decided, and erred in relying on *Green* because it is not controlling.

 Wholly without regard to *Green* which is a Florida case, we affirm on the basis of *Lartigue*. *Lartigue* presented exactly the questions presented by Plaintiff in this case and Plaintiff does not contend otherwise. We are bound by the *Lartigue* determination on this issue (see *Manning v. M/V "Sea Road"*, 5 Cir., 1969, 417 F.2d 603, 610–611, note 10) until, if ever, the Court en banc redecides the question or the Louisiana courts hold differently.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM.

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

foresight in existence or available at the time plaintiff contracted his cancer, that the smoking of its cigarettes could cause cancer of the larynx;

"(b) Plaintiff does not contend, and does not intend to offer proof to show, that defendant's cigarettes and smoking tobacco were in any material respect different from or less safe than other brands of cigarettes and smoking tobacco nor that they contained any substance not ordinarily used in the manufacture of cigarettes and smoking tobacco generally nor any element which was not a natural and ordinary ingredient thereof;

"(c) Plaintiff does not contend, and does not intend to offer proof to show, that the smoking of defendant's cigarettes and smoking tobacco, or of cigarettes and smoking tobacco generally, causes cancer of the larynx in any sizeable or substantial segment of the smoking public;

"(d) Plaintiff's sole contention at the trial will be that he smoked defendant's cigarettes and smoking tobacco and that his cancer was caused thereby."

3. R. J. Reynolds Tobacco Co. v. Hudson, 5 Cir., 1963, 314 F.2d 776.